Kevin J. Leichter, Esq. (SBN 154143)
The Law Hut, A Professional Corporation
10203 Santa Monica Boulevard
Fourth Floor
Los Angeles, California 90067
Tel: 310.229.0000
Fax: 310.229.1299
Email: kleichter@thelawhut.com

Attorney for Plaintiff
Dolores Press, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PRESS, INC., a corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>YOUTUBE, LLC, a limited liability company, CHRISTOPHER LASALA, an individual,<br><br>                Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL<br>_X__ Yes  _____ No |

## COMPLAINT

Plaintiff Dolores Press, Inc. ("Dolores Press" or "Plaintiff") states the following for its Complaint against Defendants YouTube, LLC and Christopher LaSala ("Defendants"):

## NATURE OF THE ACTION

1. This is an action for copyright infringement under 17 U.S.C. 101 et seq. (the "Copyright Act"). As set forth below, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1338; 15 U.S.C. § 1116 & 1121.

2. This action is brought to obtain redress for injury that has occurred as a result of the Defendants infringement of the copyrighted work of Plaintiff. Equitable and monetary relief are sought, and the jurisdiction of this Honorable Court is respectfully invoked to obtain justice for

**COMPLAINT**

1 Plaintiff for the wrongs herein alleged.

## PARTIES

3. Plaintiff DOLORES PRESS, INC. ("Dolores Press"), is, and at all times mentioned herein was, a corporation organized under the laws of the State of California, with a principal place of business in the City of Glendale, County of Los Angeles, State of California.

4. Upon information and belief, Defendant YOUTUBE, LLC ("YouTube"), is and was at all times relevant a limited liability company organized under the laws of the state of Delaware, with a principal office at 901 Cherry Ave., San Bruno, CA 94066, County of San Mateo, State of California.

5. Upon information and belief, Defendant CHRISTOPHER LASALA ("LaSala") is an individual whose residence is unknown.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338; and 15 U.S.C. §§ 1116 and 1121.

7. Personal jurisdiction over the Defendants exists in this District by reason of a continuous and systematic presence in the forum or by reason of their contacts with the forum pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

8. Venue is proper pursuant to 28 U.S.C. § 1400 as a civil action related to copyright may be instituted in the district in which the defendant of his agent resides or may be found.

   a. YouTube is a resident of the forum; and

   b. YouTube is LaSala's agent. Upon information and belief, LaSala's domicile has changed many times over the past year and is as of yet unconfirmed.

9. This Court has the authority to grant injunctive relief pursuant to 17 U.S.C. § 512(j).

## BACKGROUND

10. Dolores Press is the exclusive licensee of all of the intellectual property rights of Pastor Melissa Scott.

11. On April 20, 2008, Pastor Scott gave a sermon. The sermon was videotaped and

1. identified as VF-1612 Psalm 84 (the "Copyrighted Video"). The following copyright graphic was displayed at the close of the broadcast:

© Pastor Melissa Scott

All Rights Reserved

12. The Copyrighted Video has the Copyright Certificate of Registration with the Registration Number PA 1-809-235, a copy of which is attached and incorporated by reference herein as Exhibit "A."

13. On October 21, 2013 LaSala posted onto YouTube, an online media distribution system, a video (http://www.youtube.com/watch?v=OLzpw1Mplf8, the "Infringing Video") that conspicuously displayed an image from the Copyrighted Video (specifically an image of Pastor Melissa Scott).

14. On November 16, 2013, the Infringing Video was discovered by Dolores Press.

15. On November 17, 2013, Dolores Press reported the Infringing Video to YouTube with a request to take down the video pursuant to the YouTube community guidelines, citing the Infringing Video's hateful and abusive content. YouTube took no action on the first request.

16. On December 1, 2013, Dolores Press again reported the Infringing Video to YouTube with a request to take down the video pursuant to the YouTube community guidelines, again citing the Infringing Video's hateful and abusive content. YouTube took no action on the second request.

17. On January 15, 2014, Dolores Press initiated a Digital Millennium Copyright Act ("DMCA") takedown request with YouTube to remove the Infringing Video. The Infringing Video was removed by YouTube.

18. On January 23, 2014, LaSala filed a DMCA counter notification with YouTube, swearing under penalty of perjury that he did not infringe on any copyrights. YouTube informed Plaintiff of the counter notification with instructions that if Plaintiff did not "file an action seeking a court order to restrain the counter notifier's allegedly infringing activity" the Infringing Video could be reinstated on YouTube.

////

## COUNT 1

## COPYRIGHT INFRINGEMENT

19. Plaintiff re-alleges and incorporates by reference all of the allegations set out in Paragraphs 1 through 18 of this Complaint as if set forth fully herein.

20. Plaintiff is, and all relevant times has been, the copyright licensee of exclusive rights under United States copyright with respect to certain copyrighted audio-visual recordings, including but not limited to the Copyrighted Video, which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

21. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Video and to distribute the Copyrighted Video to the public.

22. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to host the Copyrighted Video, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Video available for distribution to others. In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

23. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. 512(j) to prevent Defendant's from further infringing the exclusive rights of Plaintiff.

25. As a result of LaSala's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages of $150,000 pursuant to 17 U.S.C. 504(c)(2) from LaSala.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. Against all Defendants, for an injunction providing:

"Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Video and any work, whether now or in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Works"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's Works, to distribute (i.e. upload) any of Plaintiff's Works, or to make any of Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendants also shall destroy all copies of Plaintiff's Works that Defendants have downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control."

2. Against LaSala, for actual and statutory damages for each infringement pursuant to 17 U.S.C. § 504.

3. For Plaintiff's costs in this action, as allowed by law.

4. For Plaintiff's reasonable attorneys' fees incurred herein, as allowed by law.

6. For such other and further equitable and legal relief as the Court deems just and proper.

Dated: February 11, 2014

Kevin J. Leichter, Esq.

By:_____

Kevin J. Leichter
Attorneys for Plaintiff DOLORES PRESS, INC.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 11, 2014                               Respectfully submitted,

                                                      By:_____
                                                      Kevin J. Leichter
                                                      Attorneys for Plaintiff
                                                      DOLORES PRESS, INC.

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**PA 1-809-235**

**Effective date of registration:**

February 27, 2012

---

### Title
**Title of Work:** VF-1612 Psalm 84

### Completion/Publication
**Year of Completion:** 2008
**Date of 1st Publication:** April 20, 2008
**Nation of 1st Publication:** United States

### Author
- **Author:** Melissa Scott
  **Author Created:** entire motion picture
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

### Copyright claimant
**Copyright Claimant:** Melissa Scott
1615 South Glendale Avenue, Glendale, CA, 91205

### Rights and Permissions
**Name:** Bradley Tubin
**Email:** brad@2bin.net
**Address:** P. O. Box 250099
Glendale, CA 91225-0099
**Telephone:** 323-960-5204

### Certification
**Name:** Bradley Tubin
**Date:** February 18, 2012